**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **HARRY LEE BOGGS,** : | |
| : | |
| **Plaintiff** : | |
| : | **CIVIL NO. 3:CV-12-1657** |
| **v.** : | |
| : | **(Judge Caputo)** |
| **PATRICIA BENNETT,** *et al.,* : | |
| : | |
| **Defendants** : | |

**M E M O R A N D U M**

**I.   Introduction**

On August 21, 2012, Harry Lee Boggs, a pretrial detainee housed at the York County Prison (YCP), in York, Pennsylvania, filed this civil rights complaint pursuant to 42 U.S.C. § 1983, claiming inadequate care by Prime Care Medical and its medical staff for a knee injury.  (Doc. 1, Compl.)  Attached to the Complaint is a series of prison grievances filed by Mr. Boggs as well as a set of discharge instructions from the York Hospital Emergency Department.  (*Id*.)

Mr. Bogg's seeks to proceed *in forma pauperis*.  (Doc. 2.)  The Complaint is presently before the Court for preliminary screening pursuant to 28 U.S.C. § 1915.  Mr. Bogg's request to proceed *in forma pauperis* will be granted, and he will be afforded an opportunity to file an amended complaint.

**II.   Standard of Review**

A complaint filed *in forma pauperis* may be dismissed if it is determined that the action is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  In deciding whether the complaint fails to state a claim on which relief may be granted, the court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6).  *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)).  While a complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d. 929 (2007), a complaint has to plead "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570, 127 S.Ct. 1955 at 1974, 167 L.Ed.2d 929.  Rule 8 demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S.662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  (*Id.*) (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965).  "[L]abels

and conclusions" are not enough, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Id.*, 127 S.Ct. at 1965 (quoted case omitted).

In resolving the motion to dismiss, the Court conducts "a two-part analysis." *Fowler, supra,* 578 F.3d at 210.  First, we separate the factual elements from the legal elements and disregard the legal conclusions.  *Id.* at 210-11.  Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a '"plausible claim for relief."'  *Id.* at 211 (quoted case omitted).  In other words, a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to "show" such an entitlement with its factual averments.  *Phillips v. Cnty of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008).

Finally, we note that *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed.  *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009).  Pro se litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Phillips*, 515 F.3d at 245-46 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)).  However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend.  *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002).

**IIII.    Discussion**

To state a § 1983 claim, a plaintiff must plead two essential elements:  (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 580-81 (3d Cir. 2003).  Personal involvement in the alleged wrongs is necessary for the imposition of liability in a civil rights action.  *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); *Sutton v. Rasheed*, 323 F.3d 236, 249-50 (3d Cir. 2003); *Rode v. Dellarciprete*, 845 F.2d 1195 (3d Cir. 1988).  There is no *respondeat superior* liability in § 1983 actions, *Evancho*, 423 F.3d at 353, and a civil rights complaint is adequate if it states the conduct, time, place, and persons responsible for the alleged civil rights violations.  *Id.*

Clearly Mr. Boggs is dissatisfied with some aspect of the care he has received for a knee injury while at the YCP.  However, viewing Mr. Bogg's Complaint in this matter, it is entirely unclear what claims are asserted against which Defendants.  It would be difficult, if not impossible, to attempt to (1) delineate which defendants are alleged to be involved with each claim; and (2) establish the facts upon which Mr. Boggs relies to support each claim.  Rule 8(a) does not require that the defendants or the Court, review the Complaint in its current form, as it would be impossible for a defendant to file a response to it.  The Court nor Defendants should be required to sift through a tome of allegations to piece together those claims.  *See Albrechtsen v. Bd. of Regents of Univ. of Wis. Sys.*, 309 F.3d 433, 436 (7th

Cir.2002) ("Judges are not like pigs, hunting for truffles buried in the record.") (internal quotations omitted).  As such, the Complaint in its entirety is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

However, because we believe it possible for Mr. Boggs to remedy this deficiency, he will be granted twenty-one days to submit an amended complaint.  If Mr. Boggs decides to file an amended complaint, he is advised that it must contain the same docket number as the instant action and should be labeled "Amended Complaint."  In addition, the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F.Supp. 1185, 1198 (M.D. Pa. 1992).  In particular, Mr. Boggs is advised that any amended complaint he may file supercedes the original complaint and must be "retyped or reprinted so that it will be complete in itself including exhibits." M.D. Pa. LR 15.1. Consequently, all causes of action alleged in the original complaint which are not alleged in an amended complaint are waived.

Mr. Boggs is also directed that his amended complaint must be concise and direct.  *See* Fed. R. Civ. P. 8(d).  Each allegation must be set forth in an individually numbered paragraphs in short, concise and simple statements.  *Id.* The allegations should be specific as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights.  *Iqbal*, 556 U.S. at 343, 129 S.Ct. at 1948-49.  He also shall specify the relief he seeks with regard to each claim.  Mr. Boggs's failure to file an appropriate amended complaint within the

required time will result in the dismissal of this action without prejudice.

    The Court will issue an appropriate order.

                                        **/s/ A. Richard Caputo**
                                        **A. RICHARD CAPUTO**
                                        **United States District Judge**

**Date: August 23 , 2012**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **HARRY LEE BOGGS,** : | |
| : | |
| **Plaintiff** : | |
| : | **CIVIL NO. 3:CV-12-1657** |
| **v.** : | |
| : | **(Judge Caputo)** |
| **PATRICIA BENNETT,** *et al.,* : | |
| : | |
| **Defendants** : | |

**O R D E R**

**AND NOW**, this 23 day of **AUGUST, 2012**, upon review of the Complaint (Doc. 1) under 28 U.S.C. § 1915 (e)(2)(B), it is ordered that:

1. Plaintiff's Motion for leave to proceed *in forma pauperis* (doc. 2) is construed as a motion to proceed without full prepayment of fees and costs, and is **GRANTED**.

2. Plaintiff's Complaint (Doc. 1) is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

3. Within twenty-one (21) days from the date of this Order, Plaintiff may file an amended complaint in this action in accordance with the foregoing Memorandum.

4. The Clerk of Court shall forward to Plaintiff two (2) copies of this Court's prisoner civil-rights complaint form which Plaintiff shall use in preparing his amended complaint.

5. Failure to file an amended complaint as directed within the required time frame will result in the dismissal of this action.

        /s/ A. Richard Caputo
        **A. RICHARD CAPUTO
        United States District Judge**