**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **HARRY LEE BOGGS,** : | |
| : | |
| Plaintiff : | |
| : | **CIVIL NO. 3:CV-12-1657** |
| v. : | |
| : | **(Judge Caputo)** |
| **PATRICIA BENNETT,** *et al.,* : | |
| : | |
| Defendants : | |

**O R D E R**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On August 21, 2012, Harry Lee Boggs, a pretrial detainee housed at the York County Prison (YCP), in York, Pennsylvania, filed this civil rights complaint pursuant to 42 U.S.C. § 1983, claiming inadequate care by Prime Care Medical and its medical staff for a knee injury. (Doc. 1, Compl.) On August 24, 2012, the Court screened his complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and concluded that, in its current form, the complaint failed to state a claim upon which relief can be granted. Accordingly, we dismissed the complaint without prejudice and granted Mr. Boggs twenty-one days to file an amended complaint. (*Id.*)

On September 5, 2012, the copy of the Court's screening order, sent to Mr. Boggs at his last known address — the YCP, was returned as undeliverable noting that he had been released. *See* Doc. 9. The Court has independently checked the Pennsylvania Department of Corrections computerized Inmate Locator (http://www.cor.state.pa.us/inmatelocatorweb/) and Vinelink

(https://www.vinelink.com/vinelink) in effort to locate Mr. Boggs, but to no avail.

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute." The United States Supreme Court has held that "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statue but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.,* 370 U.S. 626, 631, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962). "Such a dismissal is deemed to be an adjudication on the merits, barring any further action between the parties." *Iseley v. Bitner*, 216 F. App'x 252, 255 (3d Cir. 2007). Ordinarily when deciding, *sua sponte*, to dismiss an action as a sanction, a District Court is required to consider and balance six factors enumerated in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984). However, when a litigant's conduct makes adjudicating the case impossible, an analysis of the *Poulis* factors is unnecessary. *See Iseley*, 216 F. App'x at 255 (citing *Guyer v. Beard*, 907 F.2d 1424, 1429-30 (3d Cir.1990) and *Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir.1994)); *see also Williams v. Kort*, 223 F. App'x 95, 103 (3d Cir. 2007).

On August 21, 2012, the Court sent Mr. Boggs a copy of our Standing Practice Order which advises *pro se* litigants of their obligation to notify the Court of any change of address. *See* Doc. 5 at p. 4. Mr. Boggs was warned that if he failed to notify the Court of his change of address, he will be deemed to have abandoned his action. As a result of Mr. Boggs' failure to notify the Court of his present

location, we are unable to communicate with him.  As such, it would be a waste of judicial resources to allow this action to continue.

**ACCORDINGLY, THIS   6th   DAY OF SEPTEMBER, 2012, IT IS HEREBY ORDERED THAT:**

1. Pursuant to Fed. R. Civ. P. 41(b), Mr. Boggs' case is dismissed with prejudice for failure to prosecute and to comply with a court Order.

2. The Clerk of Court is directed to close this case.

3. Any appeal from this Order would not be taken in good faith.

 **/s/ A. Richard Caputo**
 **A. RICHARD CAPUTO**
 **United States District Judge**